UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAHMON RICHARDSON,

Plaintiff,

v.

CITY OF NEWARK, *et al.*,

Defendants.

Civil Action No.

16-cv-265-MCA-LDW

**MEMORANDUM OPINION AND ORDER TO SEAL**

**THIS MATTER** comes before the Court by way of defendants' motion to seal pursuant to L. Civ. R. 5.3(c). ECF No. 131. Plaintiff opposes the motion in part. *Id.* For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This is an action arising under 42 U.S.C. § 1983 and *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), in which plaintiff alleges that the City of Newark's failure to provide adequate training and supervision to its police officers caused a willful violation of plaintiff's constitutional rights. *See* ECF No. 1. Throughout discovery, defendants have produced Internal Affairs ("IA") files and its officers have discussed those files in a number of depositions. Defendants now seek to seal the IA files and depositions discussing their contents, attached as exhibits to the parties' summary judgment motion papers.

## II. LEGAL STANDARD

The Third Circuit holds that "there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993).

Local Civil Rule 5.3 provides that the Court may otherwise restrict public access to materials filed with the Court and judicial proceedings upon a motion to seal sufficiently

> describe[ing] with particularly: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(3).

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants seek to seal three categories of documents, which the Court will address in turn:

1. IA files at ECF Nos. 117-11, Ex. 1, 127-3, 127-4, and 127-5.

    a. The IA files and their contents contain information maintained by the Newark Police Department as confidential, the disclosure of which could result in danger to the officers involved, the chilling of witness participation in the internal affairs process, and the disclosure of confidential investigative techniques. The Attorney General of New Jersey has determined that the nature and source of internal allegations and their resulting materials should be treated as confidential information. *See* Internal Affairs Policy and Procedures, https://www.state.nj.us/lps/dcj/agguide/internal.pdf (last visited April 23, 2019).

    b. Defendants have a legitimate interest in protecting the files from public disclosure and would suffer a clearly defined injury if the information were to be made public.

c. There is no less restrictive alternative available other than to seal the contents of the files. The Court will only seal only that information that is entitled to protection.

d. Defendants have satisfied the requirements for sealing the IA files under Local Civil Rule 5.3(c).

2. Deposition transcripts of police officers with knowledge of the IA process at ECF Nos. 123-3 and 127-2.

   a. Defendants' motion has not shown a clearly defined injury that would result if sealing is not granted with respect to the deposition transcripts, or that no less restrictive alternative is available. Defendants largely seek to seal general information regarding the officers' background and the IA process generally, rather than specific contents of particular IA files.

   b. Accordingly, defendants' motion to seal these documents is conditionally denied, but directs the Clerk to maintain them under seal until further ordered to permit the filing of a renewed motion to seal meeting the requirements of Local Civil Rule 5.3.

3. Portions of an expert report referencing the IA files at ECF No. 117-16.

   a. As explained above, the Court finds defendants have shown a clearly defined injury that would result if the contents of the IA files were disclosed. To the extent that the expert report reveals specific contents of the files, the sealing of such information is proper.

b. Defendants have not, however, shown that no less restrictive alternative is available with respect to certain portions of the expert report referencing the depositions mentioned above.

c. Accordingly, defendants' motion to seal the expert report is conditionally denied, pending defendants' submission of a renewed motion to seal that more specifically addresses the basis for sealing such testimony. The Clerk is therefore directed to maintain this document under seal until further ordered.

Accordingly,

**IT IS** on this day, April 23, 2019,

**ORDERED**, that defendants' motion to seal is hereby **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that ECF Nos. 117-11, Ex. 1, 127-3, 127-4, and 127-5 shall be permanently sealed; and it is further

**ORDERED** that defendant's motion to seal ECF Nos. 123-3, 127-2, and 117-16 is **DENIED** but the Clerk is directed to maintain these documents under seal until further ordered and Defendants are to file a renewed motion to seal meeting the requirements of Local Civil Rule 5.3 within thirty (30) days of this Order, or these documents will become public; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion at ECF No. 131.

Hon. Leda Dunn Wettre
United States Magistrate Judge

4